UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00020-JNW-1 |
| Plaintiff, | ORDER |
| v. | |
| YUSUF DESHAWN REEVES, | |
| Defendant. | |

Defendant Yusuf Deshawn Reeves moves for early termination of supervised release. Dkt. No. 9. The Government and the United States Probation Office both oppose the motion. Dkt. Nos. 11, 12.

Reeves is serving a 60-month term of supervised release imposed in the District of Montana following his 121-month sentence for Conspiracy to Possess with Intent to Distribute Controlled Substances and Interstate Travel in Aid of Racketeering. His term of supervision began on October 7, 2022, and will end in October 2027. His supervision was transferred to this Court in February 2024.

After a year of supervision for a felony offense, 18 U.S.C. § 3583(e)(1) allows the Court to terminate supervised release if doing so is "warranted by the conduct of

ORDER - 1

the defendant and the interest of justice." When deciding whether to terminate or modify supervised release, Section 3583(e) directs courts to consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). The decision to terminate supervised release lies within the district court's discretion. *United States v. Ponce*, 22 F.4th 1045, 1046–47 (9th Cir. 2022).

The Court commends Reeves for his progress on supervision. He has worked consistently since his release, obtained a commercial driver's license, tested negative throughout supervision, and rebuilt relationships with his family. Letters from his wife and from a community support organization confirm his efforts. Dkt. Nos. 9-2, 9-3.

Considering the relevant factors under Section 3553(a), however, the Court concludes that the interests of justice do not support termination at this time. Reeves was a leader or organizer in an enterprise that trafficked controlled substances and women for prostitution—offense conduct for which continuous visibility by the Probation Office into Reeves's residence, income, and associations is central to deterrence and public protection. Yet Reeves moved to his mother's home and did not inform his probation officer for roughly three months, well outside the ten-day reporting requirement. Earlier, he traveled outside the district to Spokane without prior approval. These compliance failures, occurring within the past year, weigh against ending supervision now. To the extent particular conditions impede Reeves's ability to support his family or pursue employment, the Court will consider a properly supported motion to modify those conditions.

**ORDER** - 2

Accordingly, Defendant's Motion for Early Termination of Supervised Release is DENIED without prejudice. Dkt. No. 9.

Dated this 20th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 3